Filed 7/31/25  In re Genesis G. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re GENESIS G., et al., Persons Coming Under the Juvenile Court Law. | B341169 (Los Angeles County Super. Ct. No. 24CCJP02196A-C) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> MARIA C., <br><br> Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Kristen Byrdsong, Commissioner.  Affirmed.

Paul Couenhoven, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Jessica S. Mitchell, Senior Deputy County Counsel, for Plaintiff and Respondent, Los Angeles County Department of Children and Family Services.

\* \* \* \* \* \*

Maria C. (mother) challenges the juvenile court's order asserting dependency jurisdiction over her three children. However, because mother does not attack one portion of a sustained allegation that is sufficient by itself to exert jurisdiction over all three children and because the other portion of that allegation is in any event supported by substantial evidence, we affirm the exercise of jurisdiction on that allegation alone.

**FACTS AND PROCEDURAL BACKGROUND**

**I.    The Family**

Mother and Horacio G. met in 2007 and separated in 2014. They had two children together—Genesis G. (born 2010), and Martha G. (born 2013).

Mother met Jose R.G. in 2016, and they had one child together—Sara (born 2019). Mother and Jose have an on-again, off-again relationship. Mother kicked Jose out of the family home in 2019; they got married in September 2023; and mother filed for divorce prior to the inception of these proceedings.

Pursuant to a court order, mother in 2023 had sole physical custody of Genesis and Martha, and joint physical custody of Sara with Jose.

2

## II. Mother's Substance Abuse

Mother began using methamphetamine when she was 13 years old. She used on a weekly basis and became addicted to it. She stopped using methamphetamine in her twenties. Mother began using marijuana when she was 14 years old, and is a current user.[1] Mother began drinking alcohol when she was 36 years old. Genesis reported that mother "used to drink a lot" and mother was hospitalized a number of times due to alcohol consumption. On one occasion, neighbors called the police because mother "was going crazy" and "was going to hit" the children. Mother claimed she attained sobriety in 2023.

## III. Jose's Substance Abuse

Jose stated he smoked marijuana on a daily basis, and that he and mother would both smoke marijuana in the restroom at her house. Genesis and Martha saw Jose smoke "all the time." While living with mother, he smoked outside or in the restroom of her home using a vape pen and sometimes a bong. Jose stored the drug paraphernalia under the sink in the restroom, and Martha was familiar enough with them that she was able to sketch a bong and a pipe for the Department's case worker. Mother reported that Jose's car smelled of marijuana during custody exchanges, and that, when Sara was with him, he "post[ed] pictures [of himself] at his house with a bong." Jose "dr[a]nk a lot" of beer in the presence of the children. He drank "in the morning . . . in the afternoon, and at night" and every morning the children saw beer cans "outside or in the sink." Jose acted "weird" and "shaky" after drinking alcohol and "[s]ometimes, he would just start getting mad at [mother] when

---

[1] Although mother claimed she last used marijuana in April 2024, she tested positive for marijuana in June 2024.

she would do nothing."

## IV. Jose's Sexual Abuse of Genesis and Sara

In 2015 or 2016, Jose started sexually abusing Genesis. When Jose was alone in the house with her, he would reach down into her pants and touch her vagina; grab her right hand and place it on his penis; and undo her bra from behind while she was laying in bed, and grab and rub her breasts.

In 2019, mother became suspicious that "something was occurring" with Jose and her daughters. She recalled an incident when Jose had been laying on the bed watching television with Genesis and Martha. Mother was in the kitchen cooking and called Jose to ask him a question. Mother immediately noticed that he had an erection when he walked into the kitchen. She angrily confronted him, but he became defensive and said she was "crazy."

On May 8, 2024, Sara told mother that her father (Jose) had been "sleeping on her pillow" when he had stayed over one night for a visit with her. When mother asked if he had touched her "privates," she responded "yes . . . no," and then stated "yes." Sara pointed to her vaginal area and said Jose had touched her in that area. Mother called her sister for advice, but did not immediately report the incident to law enforcement.

Two days later, on May 10, 2024, mother took Genesis to Urgent Care for an ear infection and a sore throat. Mother disclosed to a medical assistant that Jose had sexually assaulted Sara, and asked for her advice. Genesis then broke down crying and disclosed what Jose had done to her.

Martha denied that Jose had sexually abused her, but reported that Jose made her feel "weird" and "uncomfortable" and she "really didn't like him and . . . didn't talk to him." Jose once

4

told her that she did not have to be embarrassed around him if she "wanted to walk around with shorts and without a top."

On June 28, 2024, the Orange County Superior Court granted mother's temporary restraining order protecting mother and the children from Jose.

## V.     The Petition

On July 15, 2024, the Los Angeles County Department of Children and Family Services (the Department) filed a petition asking the juvenile court to exert dependency jurisdiction over Genesis, Martha, and Sara on two grounds: (1) that Jose "sexually abused" Genesis "from the ages of five to ten years old" (citing the incidents when he fondled the child's breasts and vagina, forced her to fondle his penis, and attempted to force her to kiss his mouth), and mother knew or reasonably should have known of the sexual abuse of Genesis and failed to protect her, which places all of the children "at risk of serious physical harm, damage, [or] danger" (thereby rendering jurisdiction appropriate under Welfare and Institutions Code section 300, subdivisions (b)(1), (d) and (j))[2]; and (2) mother has a "history of substance abuse, including marijuana, alcohol, and is a current abuser of marijuana" and both Horacio and Jose knew of mother's substance abuse and "failed to protect" the children by allowing her "unlimited access to the children" which "endangers the children's physical health and safety" and places all of the children "at risk of serious physical harm [and] damage" (thereby rendering jurisdiction appropriate under section 300, subdivision (b)(1)).

On August 26, 2024, the Department filed an amended

---

[2]     All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

5

petition adding two further allegations pursuant to section 300, subdivision (b)(1) that the children were at risk of suffering serious physical harm because (1) Jose "has a history of substance abuse, including marijuana, and is a current abuser of marijuana," and mother knew of Jose's substance abuse "and failed to protect" Sara; and (2) mother and Jose had a history of "engaging in violent altercations in the presence of the children."

## VI. Combined Jurisdictional and Dispositional Hearing

The juvenile court held a combined jurisdictional and dispositional hearing on October 1, 2024. The court sustained the allegation that Jose had sexually abused Genesis and that mother "should have known" about, and failed to protect the children from, that abuse (but interlineated the allegation that mother "knew"); sustained the allegation that mother has a history of substance abuse and is a current abuser of marijuana and that Jose failed to protect the children from the abuse (but interlineated the allegation that Horacio failed to protect); sustained the allegation of Jose's substance abuse and that mother failed to protect the children from the abuse; and struck the domestic violence allegation.

The court ordered Sara removed from her father's (Jose's) custody and released to mother, but did not remove Genesis or Martha from mother or Horacio as long as they continued to comply with their court-ordered case plans. The court further ordered Jose's monitored visits with Sara to take place in a therapeutic setting and that he have no contact with Genesis and Martha.

## VII. Mother's Appeal

Mother timely appealed. Jose did not.

6

## VIII. Post-Appeal Developments[3]

While this appeal was pending, the juvenile court (1) terminated dependency jurisdiction over Genesis and Martha, with exit orders granting mother joint legal and physical custody, but primary physical custody, and (2) terminated dependency jurisdiction over Sara with a custody order granting mother sole legal and sole physical custody of Sara, with monitored visitation in a therapeutic setting for Jose.

## DISCUSSION

In this appeal, mother attacks the sufficiency of the evidence underlying two of the juvenile court's jurisdictional findings—namely, that (1) she should have known of the sexual abuse perpetrated on Genesis by Jose; and (2) her long-standing and unresolved history of substance abuse and her current marijuana abuse placed the children at risk of harm. Mother does not in any way attack the juvenile court's findings that Jose sexually abused Genesis or that it posed a risk to all three children.

We affirm the juvenile court's exercise of jurisdiction over all three children for several reasons. To begin, mother does not attack the juvenile court's findings that Jose sexually abused Genesis and that this abuse posed a risk of the same to all three girls. Because Jose's conduct in sexually assaulting Genesis is sufficient to confer jurisdiction over all three children, whether mother failed to protect the children from that abuse "would not affect the girls' status as dependents of the juvenile court." (*In re Maria R.* (2010) 185 Cal.App.4th 48, 60, overruled on other

---

[3] We granted the Department's request for judicial notice of the orders documenting these post-appeal developments. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

7

grounds by *In re I.J.* (2013) 56 Cal.4th 766; see generally *In re D.P.* (2023) 14 Cal.5th 266, 283 ["'[D]ependency jurisdiction attaches to a child, not to his or her parent'"].)  Substantial evidence also supports the juvenile court's finding that mother failed to protect the girls from Jose's sexual abuse.  A parent's "fail[ure] to adequately protect [a] child from sexual abuse" when the parent "knew or reasonably should have known that the child was in danger of sexual abuse" is a ground for dependency jurisdiction.  (§ 300, subd. (d).)  Here, mother became suspicious that "something was occurring" back in 2019 when Jose got an erection while watching TV with the older two girls; mother felt strongly enough about her suspicions to confront him; and yet mother accepted his deflective non-response.  Mother also did not contact law enforcement when Sara, in 2024, reported that Jose had touched her sexually; mother waited until a hospital visit a few days later to bring up the topic with the medical practitioners.  Mother argues that she had no way to know of Jose's conduct because she was not at home when it happened and the girls did not report it to her contemporaneously; but a parent need not be a percipient witness or have confirmation of sexual abuse before she reasonably should have known of the danger of that abuse.  That mother had filed for divorce from Jose by the time of the jurisdictional hearing did not negate what she should have known of the risk of abuse given that she and Jose had an on-again, off-again relationship during the time Jose was sexually abusing Sara.  Because this ground for jurisdiction is sufficient on its own, we need not consider mother's attacks on the other bases for dependency jurisdiction.  (*In re I.J.*, at p. 773.)

## DISPOSITION

The juvenile court's order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P. J.

       HOFFSTADT

We concur:


_____, J.

BAKER


_____, J.

KIM (D.)